THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER A. FINLEY, Respondent, *v.* THOMAS H. GORMAN, Appellant.

Third Department, January 14, 1927.

Municipal corporations — city council — members — defendant is deputy commissioner of public safety of Saratoga Springs — commissioner of public safety is, by virtue of his office, also member of city council — commissioner resigned — defendant succeeded to duties of office under Public Officers Law, § 9, and resolution of city council — defendant did not become member of city council.

The defendant was duly appointed deputy commissioner of public safety of the city of Saratoga Springs, and upon the resignation of the commissioner of public safety claimed the right to sit as a member of the city council which, under section 16 of the city charter (Laws of 1916, chap. 229) consists of the mayor and the commissioners. The defendant bases his contention upon section 9 of the Public Officers Law, which provides that a deputy shall, unless otherwise prescribed by law, perform the duties of his principal during the vacancy in the principal's office, and a resolution of the city council to the effect that the respective deputies of the different departments be authorized to act in place of the principals.

The commissioner of public safety becomes a member of the city council by virtue of his office and in effect holds two offices — *first*, commissioner of public safety, and *second*, *ex officio*, city councilman. Upon the resignation of the commissioner of public safety the defendant succeeded him so far as the administrative office was concerned, but did not become by virtue of that succession a member of the city council.

APPEAL by the defendant, Thomas H. Gorman, from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of Saratoga on the 13th day of November, 1926, denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action; also from an order entered in said clerk's office on the same day denying defendant's application to vacate an order temporarily restraining the defendant from voting in the city council of the city of Saratoga Springs, and also from an

order entered in said clerk's office on the same day continuing said restraining order.

*Brackett & Eddy* [*Spencer B. Eddy* and *Francis E. Dorsey* of counsel], for the appellant.

*Benjamin K. Walbridge, Special Deputy Attorney-General*, for the respondent.

McCANN, J.    The city of Saratoga Springs is a municipal corporation incorporated by chapter 229 of the Laws of 1916 and acts amendatory thereof, together with chapter 229 of the Laws of 1915, known as the Charter of the City of Saratoga Springs.    Section 15 of the amended charter of said city provides that the officers shall consist of a mayor, a commissioner of finance, a commissioner of public works, a commissioner of public safety, a commissioner of accounts and a supervisor, all of whom are elective officers. Section 16 provides that " The mayor and commissioners shall constitute the city council, for the government of the city," etc.

Section 20 provides that the commissioner of public safety shall have the following powers and duties as head of the public safety department (then follow provisions regarding the management and care of lands, buildings, apparatus, inspection, duties as to health officer, and as registrar of vital statistics, overseer of the poor, etc.).

Section 25 provides:  " Each commissioner shall be entitled to such deputies, employees and laborers  *  *  *  as the council may determine; appointments to be made by the head of each department."

Section 29 provides: " In case of a vacancy the council shall appoint an eligible person to fill the same until the election and qualification of his successor at the next municipal election.  *  *  *."

At the election held in November, 1925, Arthur J. Leonard was duly elected to the position of commissioner of public safety and took office on January 1, 1926.   He thereupon appointed Thomas H. Gorman deputy commissioner of public safety.   Gorman duly qualified and continued to act as such.   On September 16, 1926, Leonard resigned.   On the 21st day of October, 1926, Gorman for the first time asserted his right to act as a member of the city council by attending a meeting of such body.   He claimed that by virtue of his position as deputy commissioner of public safety he had a right to sit in the city council in place of the commissioner of the public safety, Arthur J. Leonard, resigned.   This claim was supported by the opinion of the city attorney, who based such opinion on the provisions of the Public Officers Law, section 9 of which provides: " Every deputy, assistant, or other subordinate officer, whose appointment or election is not otherwise provided

for, shall be appointed by his principal officer, board or other body, and the number thereof, if not otherwise prescribed by law, shall be limited in the discretion of the appointing power. If there is but one deputy, he shall, unless otherwise prescribed by law, possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office."

The general ordinance designated as No. 1 passed pursuant to the Charter of the City of Saratoga Springs was enacted on June 22, 1915, and created the office of deputy commissioner of public safety. At a special meeting of the city council held on June 28, 1915, the following resolution was adopted: " That the respective deputies of the different departments be authorized to act in the place of principals." This general ordinance and resolution seem to have been passed pursuant to the former Charter of 1915. (See § 84.)

It is under section 9 of the Public Officers Law (*supra*) and by this resolution that the appellant claims the right as deputy commissioner of public safety to sit as a member of the city council. By reason of the resignation of Commissioner of Public Safety Leonard, a vacancy was created in that office. (Public Officers Law, § 30, subd. 2, as amd. by Laws of 1920, chap. 259; Charter of 1916, § 29.) Section 29 of the charter, as above quoted, provides for filling the same by the appointment of an eligible person until the election and qualification of his successor at the next municipal election.

This action is in the nature of a *quo warranto* brought by the Attorney-General to determine the appellant's right to hold the office in question. It is sought in this action to determine such right and also that the appellant Gorman be ousted and excluded from the office and fined. Pending the determination of this action, a temporary injunction was granted restraining the appellant from acting as a member of the city council. A motion was made before Justice Angell to dismiss the plaintiff's complaint. This was denied. A second motion was made before Justice Angell to vacate the order theretofore granted which restrained temporarily the said Gorman from voting in the city council. This was likewise denied. A third motion was then made before the same justice to continue the restraining order theretofore made by Mr. Justice Van Kirk, which was likewise denied, making three orders to be reviewed on this appeal.

The decision of the three orders rests upon the right of the appellant to the office in question. A vacancy has been created. The provisions of the city charter are ample authority for filling the same by appointment. It is simply a question of whether by

reason of being deputy commissioner of public safety, appellant may act as a member of the city council.

Section 20 of the city charter takes care of this proposition. An examination of section 20, defining the powers of the commissioner of public safety, shows that it refers only to his duties as the head of such department and no reference is made therein as to his right to sit as a member of the city council. Under the city charter, the commissioner of public safety has two separate and distinct duties; one is as the head of the department of public safety and the other to sit as a member of the city council, but that does not imply that his deputy may succeed to his legislative duties. The duties of the two offices are in no way related. One is legislative and the other is administrative. He is entitled to a deputy to aid and assist him in the duties of his office in connection with the department of public safety. No provision is made for an alternative or a deputy to act for him nor in his place as a member of the city council. If appellant was permitted to sit in the city council he would sit as a councilman rather than as deputy commissioner of public safety.

The cases cited to sustain the contention of the appellant refer to offices where there is but one line of duty to perform. Here the commissioner of public safety has two distinct lines. For this reason the provisions of section 9 of the Public Officers Law are not applicable.

The orders appealed from should be affirmed, with costs.

COCHRANE, P. J., VAN KIRK and HINMAN, JJ., concur; DAVIS, J., concurs in result.

Orders affirmed, with ten dollars costs and disbursements.